*Hand delivered*

Anthony Vigna
427 Swanson Drive
Thornwood, New York 10594
914-224-9730

Attn: Judge Roman

United States District Court                                     October 10, 2024
300 Quarropas Street
White Plains New York 10601

Re    Anthony Vigna
      Docket 7:SI 16CR00786-03
      USM Number 78357-054



Judge Roman:

It is over 120 days from the original motion submission date of June 7, 2024
to renew, reargue and reconsider and collections have commenced on the
restitution portion of your sentence. The government has seized an IRS refund and
the government has commenced a garnishment of this defendant's social security.

We sent you a letter on August 19, 2024 with the DOJ's response of July 8,
2024 and attached it as exhibit A. Our August 19, 2024 and our September 9, 2024
letters were not delivered, even though they were sent certified. We hand delivered
both the August 19 and the September 9, 2024 letters on September 17, 2024 with
proof from the U.S. postal system of non-delivery.

We have not heard a response to our inquiry in the letter dated August 19,
2024 to stay the collection proceedings and to convert this motion to a Coram
Nobis motion or permission to file a Coram Nobis motion. The DOJ in their July 8,
2024 letter indicated they would consent to a Coram Nobis motion.  In previous
letters, we pointed out there was an error by the DOJ to place Alvarez in this
defendant's plea agreement. The DOJ communicated to the Court at sentencing
that Alvarez was included in the plea agreement because of the testimony of

Cermele and the people in the "and others" category. The Court's sentence included restitution to Alvarez, the sole person that claimed damages. Our handwriting analysis included in our motion to renew, reargue and reconsider on June 7, 2024 Exhibit E and F indicates that the signature as notary on the Alvarez discharge and others were not that of this defendant. The government's error of including Alvarez in this defendant's plea agreement, compounded by the government communicating to the Court that Cermele and the people in the "and others" category witnessed this defendant sign as notary the Alvarez discharges, (which is not true) resulted in a harsher sentence by the Court. By the government's own standards and criteria as outlined by attorney Felton on the sentencing record, Alvarez, the sole person that claimed damages against this defendant, should not have been included in the plea agreement. Based on that alone we believe we are entitled to a resentencing vacating any restitution to Alvarez.

We also believe the government secured an indictment against this defendant based on the unverified testimony by the people in the "and others" category at the grand jury and the testimony of Cermele at some proceeding prior to the arrest of this defendant on December 1, 2016. We were not informed by the government as to where and when Cermele testified. Additionally, the government did not identify who, where and exactly what the people in the "and others" category testified other than they witnessed this defendant sign the Alvarez discharge as notary. It is believed the people in the "and others" category testified at the grand jury level and therefore, we have requested a copy of the grand jury transcript. All of the people in the "and others" category are unknown but all are believed to be associated with Ruzza and Terra Foundation in one capacity or another and have some interest in accusing this defendant. By your ruling this defendant is stopped from discovering who testified, where they testified and confront them as to their

perjured testimony. We have seen the government not prosecute co-conspirators such as Bauco, when the government has had in their hand, documentary evidence to substantiate an indictment. (Bauco signed a release of lien document as partner that diverted $100,000 dollars from a closing. That document was provided to the Court in a prior letter and was given to the DOJ prior to sentencing by this defendant.) We have also witnessed the government not prosecute Cermele and the people in the "and others" category for perjury and a breach of a cooperation agreement which our undisputed handwriting analysis indicates.

We have asked this Court to stay the collection proceedings until a determination can be made as to the motion to renew, reargue and reconsider is decided or alternatively to convert that motion to a Coram Nobis motion or to permit a Coram Nobis motion to be filed. We ask for an immediate resentencing based on the false testimony of Cermele and the people in the and "others category" and to vacate the restitution portion of your sentence payable to Alvarez.

The defense team was misdirected by the government, in that they were told by the DOJ no handwriting analysis was necessary, and therefore the defense team was unprepared to respond to the government's representations at sentencing that this defendant signed as notary discharges (Shapiro pg. 8 lines 1-12 sentencing record). Effectively, the defense team was hoodwinked by the government. The defense team then failed to file an appropriate motion (Rule 35 e) to correct the misdirection and misinformation of the government to both the defense and this Court. Shortly thereafter the defense team motioned this Court to be relieved as counsel, which was granted by this Court. This defendant was left unrepresented as this Court denied the defendant's request to appoint assigned counsel.

There is adequate reason to grant a Coram Nobis motion and at a minimum to resentence this defendant and vacate the restitution portion of the sentence. A Coram Nobis motion is appropriate and should be granted based on the following:

1. A.) This defendant's constitutional rights were violated. The government should have informed this defendant that they possessed testimony of Cermele and the people in the "and others" category stating that they personally witnessed this defendant personally notarize the Alvarez discharge, which is untrue. This is a Brady violation and an unethical act by the government that may rise to the level of prosecutorial misconduct. That information alone would have altered the decision-making process of the defense.

   B.) That this defendant was inadequately represented and there was ineffective trial counsel by Shapiro. Shapiro failed to file a motion (Rule 35 e) to correct the record and expose the misdirection of perjured testimony of Cermele and the people in the "and others" category and the misinformation of the DOJ regarding witnesses indicating that they personally witnessed this defendant sign as notary certain discharges. A Constitutional right violation of ineffective counsel.

   C.) Defense counsel was ineffective in that they did not discover the government's position regarding the government's false belief that this defendant signed as notary certain discharge (Alvarez, Teodosio, Bauco and Barchetta). Inadequate representation of trial counsel demonstrating ineffective representation. Another constitutional right violation.

   D.) Defense Counsel failed to discover the government's position that the

filing of discharges was based on sovereign man concepts as mentioned by the DOJ in one of their letters to the Court. Another example of ineffective representation of trial counsel and a constitutional right violation.

2.) The sentencing by this court was based on the communication by the government of perjured testimony of Cermele and the people in the "and others" category. This resulted in the government including Alvarez in this defendant's plea agreement and the Court relying on said communication by the government which resulted in the Court administering an unfair and harsher sentence to this defendant. Said communication by the government was deliberate as the government had in their possession this defendant's signature sample (a copy of this defendant's TD bank signature card was shown to this defendant at the 2014 government meeting) that did not resemble the notary signature on the Alvarez discharge or for that matter on the Teodosio, Bauco and Barchetta discharges. An ethical violation and prosecutorial misconduct by the government. These errors by the Court and the government warrants a Coram Nobis review.

3.) In summary, the government's unethical acts and prosecutorial misconduct were compounded by deliberately feeding the Court misdirection and misinformation. For example: A.) The government believed the filing of discharges was based on Sovereign man principles and not on common law, B.) The government represented to the Court that this defendant signed as notary the Alvarez discharge when the government had in their possession a sample of this defendant's signature (TD signature card) that does not resemble the one appearing on Alvarez discharge. C.) The government failed to verify the testimony of Cermele

and the people in the "and others" category that led to the indictment of this defendant D.) The government referenced other discharges specifically: Bauco, Barchetta and Teodosio in their July 8, 2024 letter as ones that were signed as notary by this defendant, when in fact they were not signed as notary by this defendant (see Baggett's analysis Exhibit E and F of the June 7, 2024 motion). It should be noted that those discharges were not mentioned by the government at sentencing. The government failed to perform any handwriting analysis on the notary signature appearing on Alvarez, Bauco, Barchetta and Teodosio discharges. The notary signatures on those documents does not resemble this defendant signature. Had they done a hand writing analysis they would have determined the testimony of Cermele and the people in the "and others" category was false. The government prosecuted this defendant based on unverified testimony. E.) The government failed to verify Lewis's signature on any of the discharges that were filed when the government had a sample of Lewis's signature (see exhibit B this letter of a discharge Lewis signed and notarize in Washington). F.) The government failed to inform the Court that the Teodosio discharge that had this defendant's notary stamp and filed on April 16, 2012 (Exhibit B) was superseded by the filing of a discharge on April 25, 2012 that Lewis signed and was notarized in Washington (amended discharge exhibit A). In fact, the April 16, 2012 discharge does not indicate who appeared and whose name was notarized and is defective. A mistake an attorney who was a notary, or for that matter, any notary would not have made. The filing of the amended discharge demonstrates that this defendant <u>did not</u> sign that discharge, <u>was not in agreement</u> to the use of his stamp on any discharge not signed by him as notary and <u>would not</u> notarize Lewis's signature as he was not in

his presence. Agreement is a critical element of the crime of conspiracy not met by the government and could not be met at trial.

4.) This defendant is under a disability, and continues to suffer from this conviction in that he lost his license to practice law and is in the process of losing his license to practice as a certified public accountant.

5.) This defendant did not know who his accuser was during the pendency of the action because the government purposely concealed the testimony of Cermele and the people in the "and others" category until sentencing. The government has not disclosed and continues to refuse to disclose the names of the people in the "and others" category and where they testified. This Court by their ruling to deny further discovery ratifies the DOJ's unethical acts (and prosecutorial misconduct) and assists the DOJ in concealing their errors.

6.) There is no time limit to file a Coram Nobis motion. The statute of limitations has expired for all other remedies and this motion is the remaining appropriate remedy for this defendant. There is sufficient cause to grant a Coram Nobis motion and to grant an immediate resentencing.

As to the government's response, what is most revealing is that the government does not address the handwriting analysis and the contents of the results found. The government attacks the motion solely based on procedural matters. What resonates by the government not attacking the contents of the handwriting analysis is that they were fully aware that this defendant did not sign as notary the Alvarez, Bauco, Barchetta and Teodosio discharges. It appears that this was a pay to testify scheme by the government to have Alvarez testify at the Graham trial and to have this defendant pay Alvarez for his losses.

What is most interesting about the Teodosio discharge that this defendant's stamp appeared (the April16, 2012 filing, exhibit B) <u>was replaced</u> by a discharge with a notary of Lewis's signature from Washington. (see April 25, 2012 filing attached exhibit A) rendering the April 16, 2012 discharge moot. The Court should take note the discharge with this defendant's notary, that was not signed by this defendant, was filed on April 16, 2012 and the last discharge was an amended discharge filed was on April 25, 2012 with a notary from Washington approximately 9 days later that superseded the April 16, 2012 filing making the early discharge <u>a nullity</u>. Furthermore, that earlier discharge filed, did not indicate the name they were notarizing. Ruzza filed the second discharge when this defendant made it known he would not notarize Lewis's signature unless he personally appeared before this defendant. It is assumed the government in their July 8, 2024 letter was referring to the first discharge filed on April 16, 2012 (the one superseded by the April 25, 2012 filing) when the government incorrectly informed the Court that this defendant signed as notary. Just another example of the government's misdirection and misinformation to the Court and an example that this defendant was <u>not in agreement</u> with Ruzza's criminal activity.

The government by not responding to the contents of the handwriting analysis should be deemed to acquiesce to the contents and thus the accuracy of the report. The Court must infer that the government acknowledges their error in including Alvarez in this defendant's plea agreement. That error was communicated to the Court and resulted in an error in the rendering of a harsher sentence. The deliberate misrepresentation of facts by the government to secure a harsher sentence is another ethical violation and is prosecutorial misconduct. The government was fully aware that this defendant did not sign as notary on any of the illegal discharges. Shapiro on the sentencing record stated the government knew this defendant's name was forged. (Shapiro sentencing record page 8 lines 1-12.)

What is further revealing is that this defendant filed a law suit in New York supreme court against Stewart title for deformation. In that matter, Stewart issued an alert indicating that this defendant's name appeared on illegal discharges as the notary. Upon advice of counsel, this defendant withdrew his lawsuit as he was advised by counsel that Stewart could only identify the illegal discharges by his name as notary and did not intend to defame this defendant. The government was made aware of that lawsuit at the 2014 meeting. The government was fully aware this defendant's name was being forged and had a duty to verify the notary signature as being that of this defendant before prosecuting. That duty was not met by the DOJ. At the 2014 meeting this defendant gave the government discharges acquired in discovery from that lawsuit that the government was not aware. As stated in a previous letter, the Court through no fault of their own, relied upon the government's recommendations and information at sentencing and had no cause to doubt what the government communicated.

Furthermore, it should be noted in the DOJ's response letter of July 8, 2024, that they refer other victims, Bauco, Barchella (A/K/A JAF Holdings LLC) and Teodosio as discharges being notarized by this defendant. The basis for the DOJ in accusing this defendant of notarizing these discharges is not disclosed but is believed to be the unverified testimony of Cermele and the people in the "and others" category. All of which are believed to be associated with Ruzza and Terra in one capacity or another and have some interest in accusing this defendant. In fact, Ruzza had meetings indicating how they would implicate this defendant. This defendant became aware of those meeting(s) as people informed this defendant of the meeting. Those discharges, Bauco, Barchella (A/K/A JAF Holdings LLC) and Teodosio were addressed in Baggett's analysis provided in the motion of June 7, 2024 (exhibit E and F of that motion) that indicate the notary signatures on those discharges are not that of this defendant.

This defendant did not know of the government's witnesses (Cermele and the people in the "and others" category) and the content of their testimony at some undisclosed proceeding where testimony was taken and never had an opportunity to test their veracity prior to learning at sentencing the government's position. The defense team did not know where Cermele's testimony took place and the names of the people in the "and others" category and where they testified. It should be noted that the testimony of Cermele and the people in the "and others" category were well known by the government prior to this defendant's arrest and <u>purposely concealed</u> by the government. (Shapiro made inquiry as to any need for a handwriting analysis on the sentencing record and the government responded there was no need for an analysis, see sentencing record page 8, lines 1-12)

As we approach another garnishment of this defendant's social security in October 2024, we are again asking for a stay of any collection proceedings. The DOJ in their response letter of July 8, 2024 page 6 consented that this motion be converted to a Coram Nobis motion. Alternatively, this defendant is asking the Court to submit a Coram Nobis motion and an immediate resentencing of this defendant vacating the restitution portion of the sentence.

We ask the Court to vacate the sentence, and specifically the restitution to Alvarez refunding any amounts paid, remove any reference to judgments this defendant owes to the Southern District of New York, to vacate the plea and to dismiss the charges with prejudice due to the unethical acts and prosecutorial misconduct of the government.

This is not an open case; however, the Court's inaction will yield further injustice for this defendant.

Your immediate attention is appreciated.

Very truly yours,

*Anthony Vigna*

Anthony Vigna

CC:   Attorney Felton United States Attorney General Office

Exhibit A

Discharge of Mortgage filed April 16, 2012

BK: 3905 PG: 147
INST:        2663

# DISCHARGE OF MORTGAGE

A certain Mortgage dated July 31, 2006 and recorded August 07, 2006 in Book 3195 Page 345 in Hamden Town, State of Connecticut was made by Brent P Teodosio to **JPMORGAN CHASE BANK, N.A, 1111 Polaris Parkway, Columbus, IH 43240** in the amount of $74,700.00.

Mortgage Covers:
1892 Shepard Avenue
Hamden, CT 06518
County of New Haven

This Mortgage has been **DISCHARGED** or otherwise Satisfied. It may now be discharged of record. This means that this Mortgage is now cancelled and void. Lien debtor agreed to the use of the UCC 3-402, signature by accommodation from a notarized self-executing Power of Attorney

Said Mortgage has not been further Assigned of record.

I sign and CERTIFY to this Discharge of Mortgage on April 03, 2012

*Bruce - A. : Lewis ©*

JPMORGAN CHASE BANK, N.A
AUTHORIZED REPRESENTATIVE
LP.BRUCE A LEWIS, AGENT UCC 1-308, 1-201 (25)/(26), 1-301
ALL RIGHTS & REMEDIES RESERVED UCC 1-103, 1-202, 3-305
Witnessed or Attested by:

```
RECEIVED FOR RECORD
Apr 16,2012 09:02:53A
VERA A. MORRISON
TOWN CLERK
HAMDEN, CT
```

State of New York, County of Westchester ss:

On the 3 day of April in the year 2 ? before me, the undersigned, personally appeared

, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

ANTHONY P. VIGNA
NOTARY PUBLIC
WESTCHESTER COUNTY, NEW YORK
NO. 01VI4929096
COMMISSION EXPIRES MAR 3, 14

Notary Public

Exhibit B

Discharge of Mortgage filed April 25 2012

-27-2012 01:47P FROM:REDLINE REMODELING    18607990500

# AMENDED DISCHARGE OF MORTGAGE 1

A certain Mortgage dated July 31, 2006 and recorded August 07, 2006 In Book 3195 Page 345 in Town of Hamden, State of Connecticut was made by Brent P Teodosio to JPMORGAN CHASE BANK, N.A, 1111 Polaris Parkway, Columbus, IH 43240 in the amount of $74,700.00.

Mortgage Covers:
1892 Shepard Avenue
Hamden, CT 06518
County of New Haven

This Mortgage has been DISCHARGED or otherwise Satisfied. It may now be discharged of record. This means that this Mortgage is now cancelled and void. Lien debtor agreed to the use of the UCC 3-402, signature by accommodation from a notarized self-executing Power of Attorney

Said Mortgage has not been further Assigned of record.

I sign and CERTIFY to this Discharge of Mortgage on April 21 , 2012

by: _____
JPMORGAN CHASE BANK, N.A
AUTHORIZED REPRESENTATIVE
LP. BRUCE A LEWIS, by: Agent UCC 1-308, 1-201 (25)/(26), 1-301
ALL RIGHTS & REMEDIES RESERVED UCC 1-103, 1-202, 3-305

Witnessed or Attested by:

RECEIVED FOR RECORD
Apr 25,2012 01:33:13P
VERA A. MORRISON
TOWN CLERK
HAMDEN, CT

Washington state    )

King County          )

On the 21st day of April in the year 2012 before me, appeared, BRUCE A. LEWIS, by the undersigned, by and through his Lawful Agent & Authorized Representative Bruce A. Lewis, a real living man, who proved to me on the basis of satisfactory evidence to be the real Lawful man whose name(s) is subscribed to this instrument and acknowledged to me that he himself executed the same in his Lawful capacity, and that by his signature(s) on this instrument, and any attached/enclosed incorporated instruments he executed the instrument(s).

NOTARY PUBLIC - _____

My commission expires _____ 29, 2016

FABIENNE ROSCHE'
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
JANUARY 29, 2016